[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10580
Non-Argument Calendar
_____

Agency No. A76-900-622

AQDAS YOUSUF DHALA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(September 14, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Aqdas Yousuf Dhala, a native and citizen of India, petitions for review of

the decision of the Board of Immigration Appeals that affirmed the order of the

Immigration Judge denying asylum, 8 U.S.C. § 1158(a)(1); withholding of removal, 8 U.S.C. § 1231(b)(3); and relief under the United Nations Convention Against Torture. Because Dhala's application for asylum was untimely, we dismiss his petition for review of the denial of his application for asylum. Because the IJ made an adverse credibility finding and substantial evidence supports the decision of the IJ, we deny Dhala's petition for review of the denial of his application for withholding of removal and relief under the CAT.

## I. BACKGROUND

Dhala is a Muslim citizen of India who resided and owned a floral business in Bombay. He was admitted to the United States on December 3, 1997, with a valid tourist visa, and was authorized to stay until December 2, 1998. In January 1999, he filed for asylum and withholding of removal based on political opinion, and included both his wife and daughter in the application. On March 21, 1999, the Immigration and Naturalization Service issued him a Notice to Appear, charging him with removability for having remained in the United States longer than permitted, 8 U.S.C. § 1227(a)(1)(B).

At his hearing before the IJ, Dhala testified that religious violence between Hindus and Muslims erupted in India following the destruction of a 400-year-old mosque in 1992. A militant anti-Muslim political party known as "Shiv Sena" was

2

formed. Dhala asserted that Shiv Sena attempted to extort money from him and other Muslims beginning in 1993.

On May 7, 1994, a few days after Dhala had been chosen to lead a group opposing these extortion threats, several policemen allegedly beat and imprisoned him. Dhala stated that during the two months he was held in custody, he was tortured; his life was threatened; his sister was raped on one of the occasions she came to visit him; and his wife miscarried because of the stress of the ordeal. Although he was charged with heroin possession, Dhala contended these charges were fabricated. The charges were later dismissed.

According to Dhala, he left India in April 1996, three months after the charges were dismissed. He traveled to Rome, London, and Miami before arriving in the Bahamas in May. He sought asylum in none of those places. After being in the Bahamas for 25 days, he returned to Bombay, where he stayed for two months. He then returned to the United States for a week before traveling to the Bahamas again, where he remained for six months. While there, he married a Bahamian woman, despite still being married to his first wife in India. He arrived in the United States for the final time in 1997.

The IJ denied Dhala's application for asylum as untimely, and the IJ denied Dhala's claims for withholding of removal and relief under the CAT based on an

adverse credibility finding. The IJ found that Dhala's activities were not consistent with those of a person fleeing persecution; Dhala lied about his wife miscarrying their baby; Dhala's ex-wife submitted a sworn statement contending that his asylum application had been fabricated; his sister failed to testify that she had been raped; and Dhala provided no documents corroborating his testimony, even when certain documents would have been easy to obtain. The BIA adopted the decision of the IJ.

## II. STANDARD OF REVIEW

We review subject matter jurisdiction de novo. See Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). We review the decision of the IJ when the BIA expressly adopts it. Nreka v. U.S. Att'y. Gen., 408 F.3d 1361, 1368 (11th Cir. 2005). We review findings of fact, including adverse credibility determinations, under the substantial evidence test. "An IJ's credibility determinations are also factual findings, and thus, are also subject to the substantial evidence test, and may not be overturned unless the record compels that result." Alim v. Gonzales, 446 F.3d 1239, 1254 (11th Cir. 2006).

## III. DISCUSSION

Dhala argues that the IJ and BIA improperly denied his petition for asylum, withholding of removal, and relief under the CAT. We lack jurisdiction over

Dhala's petition regarding asylum because his application for asylum was untimely. His petition regarding withholding of removal and relief under the CAT fails because substantial evidence supports the adverse credibility finding made by the IJ. We address each issue in turn.

*A. This Court Lacks Jurisdiction over Dhala's*
*Application for Asylum Because It Was Not Timely Filed.*

Dhala's application for asylum was untimely. Although an untimely asylum application may be considered if the alien demonstrates extraordinary circumstances excusing the delay, see 8 U.S.C. § 1158(a)(2)(D), "[n]o court shall have jurisdiction to review any determination [of timeliness or extraordinary circumstances]." 8 U.S.C. § 1158(a)(3). This Court lacks jurisdiction to review the denial of Dhala's application for asylum, and we dismiss his petition for review of that decision. See Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1286-87 (11th Cir. 2003); Fahim v. U.S. Attorney Gen., 278 F.3d 1216, 1217-18 (11th Cir. 2002).

*B. Dhala's Claims for Withholding of Removal and Relief*
*Under the CAT Fail Because the Adverse Credibility*
*Finding Was Supported By Substantial Evidence.*

An alien is entitled to withholding of removal if "his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion." Mendoza, 327 F.3d at 1287. To obtain relief

5

under the CAT, an alien must establish that it is "more likely than not" he will be tortured in the country of removal. 8 C.F.R. § 208.16(c)(2). The IJ found that Dhala lacked credibility and failed to establish his eligibility for withholding of removal or relief under the CAT.

Our review of adverse credibility determinations is highly deferential, and the IJ based his adverse credibility determination on "specific, cogent reasons" that Dhala has failed to rebut. See Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). The IJ credited a sworn statement submitted by Dhala's ex-wife in which she stated that Dhala fabricated much of his asylum application, including the reason he had been imprisoned in India. She stated that Dhala was a drug dealer who had been seized and imprisoned on genuine suspicion of drug possession, not because of his political activities.

The IJ also disbelieved Dhala's testimony about having been imprisoned for political reasons because Dhala's activities were not consistent with someone fleeing political persecution. According to Dhala, he waited three months after the charges against him were dropped before fleeing the country. He visited four different countries on his initial trip but sought asylum in none of them. He then returned to Bombay for a full two months before leaving again.

The IJ further refused to credit Dhala's testimony about what happened to

him while he was imprisoned. Dhala alleges that he still possesses visible scarring from the torture he allegedly suffered there, but failed to provide any evidence or documentation of this scarring. Indeed, the IJ noted that Dhala presented no documentation corroborating any of his testimony whatsoever. Although Dhala responds that he provided corroborating documentation in the form of his arrest and acquittal records, these documents, as the IJ explained, corroborate that Dhala was charged with drug possession, not that the charges were fabricated.

Finally, Dhala's testimony about the alleged rape of his sister in prison and a miscarriage suffered by his wife was not credible. Dhala alleged that his sister was raped while he was in prison, but his sister, who had been granted asylum, did not testify on his behalf. The IJ found this absence of proof to be telling, especially in the light of the sworn statement from Dhala's ex-wife, which explicitly denied that Dhala's sister had been raped. Dhala also initially asserted that his wife miscarried while he was in prison due to the stress of the ordeal, but he later admitted that his wife had not miscarried.

## IV. CONCLUSION

Dhala's petition is

**DISMISSED IN PART and DENIED IN PART.**

7